IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY and AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) No. _____<br>) |
| WESTERN EXPRESS, INC., | )<br>) |
| Defendant. | ) |

## COMPLAINT

Come now Continental Casualty Company and American Casualty Company of Reading, Pennsylvania, and for their complaint against Western Express, Inc. state as follows:

1. Plaintiff Continental Casualty Company is an Illinois insurance company with its principal place of business in Chicago, Illinois. Plaintiff American Casualty Company of Reading, Pennsylvania is a Pennsylvania insurance company whose principal place of business is in Chicago, Illinois. Both companies provide insurance under the service mark "CNA" and are collectively referred to hereinafter as "CNA."

2. Defendant Western Express, Inc. ("Western") is a Tennessee corporation with its principal place of business in Nashville, Tennessee.

3. Venue and jurisdiction are proper in this court. This court has subject matter jurisdiction under Title 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. This case is related to a case

previously heard in this court styled *Western Express, Inc. v. Continental Casualty Company and American Casualty Company of Reading, PA*, No. 3:07-cv-0667.

4. CNA issued workers' compensation, general liability, and automobile liability insurance policies to Western for a number of years. In connection with those insurance policies, CNA and Western entered into a series of Finance Agreements setting forth the terms upon which Western agreed to pay the premiums and reimburse CNA for the losses and costs of claim handling. (Copies of those agreements are attached hereto as Collective Exhibit 1.)

5. These policies are part of what is generally known as a "large deductible" program. Under the large deductible program, CNA adjusts all claims against Western and seeks reimbursement from Western for all amounts up to the deductible (which in this case was $250,000 or $500,000 per claim depending on the policy year) in addition to certain agreed upon claim handling costs. Although Western is no longer insured by CNA, claim costs continue to accrue for claims made during the policy periods. Claim expenses up to the deductible amount and claim handling costs are billed to Western on a quarterly basis.

6. As part of its large deductible program, Western also agreed to post collateral in the form of letters of credit to secure payment of the amounts that Western would be obligated to pay CNA in the future under the parties' agreements.

7. The last renewal of these insurance policies was for the policy year that began September 1, 2006. A dispute arose between the parties concerning the method of computing the collateral for the policies' renewal period. These policies for that renewal year were cancelled effective at the end of May 2007 because Western failed to post the collateral that CNA required for that year's policies.

8. CNA continues to pay for claims that arose in the prior policy years and also for claims that arose in the last policy year during the time period that the policies were in force. Western is obligated to pay CNA for the losses and expenses by the specified date in the quarterly billings.

9. Beginning in approximately August 2007, Western stopped paying CNA the quarterly billings as they became due. CNA properly billed Western and demanded payment, but Western did not pay as required by the parties' agreements.

10. Because Western refused to pay the amounts owed, CNA was forced to draw on the collateral that Western had previously posted. That collateral has now been completely exhausted. Western assured this Court in the above-referenced prior action that it would make such payments when the collateral was exhausted.

11. While Western has made some payments since the collateral has been exhausted, it has failed to pay the full amounts billed by CNA. After credit has been given for Western's payments, the amount which Western currently owes CNA on the unpaid invoices is $4,013,262. CNA continues to pay out additional amounts on claims against Western so that the amounts that Western will owe CNA will continue to increase based upon those future payments and future quarterly billings.

## BREACH OF CONTRACT

12. The allegations of Paragraphs 1 through 11 of this Complaint are realleged in this paragraph.

13. Western's failure to pay the amounts due CNA is a material breach of the parties' agreements. CNA has made demand for payment of the past due amounts, but Western has refused to pay those amounts.

14. Western's failure to post collateral (not just for the last policy year but all prior open years) is another material breach of the parties' agreement. The collateral that was posted is completely exhausted and leaves CNA completely unsecured for the payments that Western currently owes and for the payments that Western will be required to make to CNA in the future.

15. The "Events of Default" listed in the parties' agreements include, among others, the failure of the Insured (Western) to pay any amount due Insurer (CNA) and the failure of the Insured to post the required collateral. The remedies available to CNA in the event of default include the right to convert the insurance program to an "incurred loss plan" and perform an adjustment using incurred losses with the entire balance so computed becoming immediately due and payable. Because of Western's failure to post the required collateral and failure to pay the amounts owed as they have become due, CNA is entitled to convert the program to an incurred loss program and collect the entire balance computed on an incurred loss basis at this time. The additional owed CNA due to this conversion is Five Million, Eight Hundred Fifty-Seven Thousand, Eight Hundred Thirty-Four Dollars ($5,857,834).

16. Under the terms of the parties' agreements, Western agreed to pay interest on past due amounts and attorneys' fees and other costs that CNA incurred to collect the amounts owed. The unpaid amounts are accruing interest and CNA is incurring costs and attorneys' fees in its

efforts to collect the amounts owed from Western, all of which CNA is entitled to recover from Western in this lawsuit.

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS PRAY AS FOLLOWS:**

1. That judgment be entered in CNA's favor against Western Express for the past due amounts owed CNA in the amount of $4,013,262 for the amounts that were previously billed but remain unpaid;

2. That the Court also enter judgment for CNA against Western Express in the amount of $5,857,834, which sum represents the amount due after the conversion;

3. That the Court award CNA judgment for the interest on the past due amounts, its costs and attorneys' fees incurred to collect these amounts; and

4. That CNA be granted any other relief to which it may prove itself entitled.

Respectfully submitted,

**NEAL & HARWELL, PLC**


By: s/ Ronald G. Harris
    Ronald G. Harris, # 9054
2000 One Nashville Place
150 Fourth Avenue, North
Nashville, TN  37219-2498
(615) 244-1713 – Telephone
(616) 726-0573 – Facsimile

*Counsel for Plaintiffs Continental Casualty Company and American Casualty Company of Reading, Pennsylvania*